IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN MENNIEFEE, #1727174,       § | | |
| Petitioner,       § | | |
| § | | |
| v.       § | | 3:14-CV-3688-N-BK |
| § | | |
| WILLIAMS STEPHENS, Director       § | | |
| TDCJ-CID,       § | | |
| Respondent.       § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 2010, Petitioner was convicted of aggravated robbery and was sentenced to 25 years' imprisonment. *State v. Menniefee*, No. 28736-86 (86th Judicial District Court, Kaufman County, 2010), *aff'd*, No. 05-10-01507-CR, 2012 WL 1501019 (Tex. App. –Dallas, Apr. 30, 2012, pdr ref'd). He unsuccessfully sought state habeas relief. *See Ex Parte Menniefee*, No. WR-80,528-01 (Tex. Crim. App. Dec. 11, 2013) (denying state habeas application). On October 15, 2014, Petitioner filed the federal habeas petition in this case, raising claims of actual innocence, insufficiency of the evidence, ineffective assistance of counsel at trial and on appeal, prosecutorial misconduct, and jury charge error.  Doc. 3 at 7-24.[1]  As his federal petition

---

[1] The dates listed were verified through information available on the state court Internet web pages (Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Doc. 8.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); Kiser v. Johnson, 163 F.3d 326, 328-329 (5th Cir. 1999).  Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  His conviction became final on December 11, 2012 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on September 12, 2012.  *See* SUP. CT. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003).  Therefore, as of September 9, 2013 -- when Petitioner signed and presumably handed his state application to prison officials for mailing -- 271 days of the one-year limitations period had already elapsed.  *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013) (prison mailbox rule applies to state habeas application).  Even when the federal limitations period is statutorily tolled during the pendency of the state habeas application (from its signing through its denial on December 11, 2013), *see* 28 U.S.C. § 2244(d)(2), the one-year period expired on Saturday March 15, 2014 -- extended to Monday March 17, 2014 -- more than six months before Petitioner filed the instant federal petition on October 9, 2014.[2]

---

[2] Although the petition is not dated, Doc. 3 at 27, it is deemed filed on October 9, 2014, the date on which Petitioner signed the brief in support and the motion to proceed *in forma pauperis* with certificate of trust account (dated the same day), which he most probably placed in the prison

Moreover, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claim, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Accordingly, this federal petition is clearly outside the one-year statute of limitations absent equitable tooling.

Petitioner, however, does not request equitable tolling. Doc. 8 Nevertheless, his filings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting tolling on equitable grounds. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the

---

mail system on the same date along with his federal petition. *See* Doc. 4 at 33, Doc. 5 at 2-3; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

*Actual Innocence*

Petitioner requests the Court to consider his actual innocence claims.  Doc. 3 at 7-8; Doc. 8 at 1-3.  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare."  *McQuiggin v. Perkins*, ––– U.S. ––––, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"  *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt.  He claims that his co-defendant initially told the detective conducting the investigation "that petitioner did not have anything to do with the robbery," but that the detective later advised the co-defendant "to put petitioner's name" in the voluntary statement, thus, implicating Petitioner. Doc. 8 at 1.  However, the co-defendants exculpatory statements were never at issue.  The post-arrest interviews police conducted with Petitioner and his co-defendant were recorded, and the detective testified at trial that co-defendant stated that Petitioner had nothing to do with the robbery.  *Menniefee v. State*, 2012 WL 1501019, *3 (Tex. App. – Dallas, 2012);  Appellant's Brief at 4 (contained in electronic state habeas record, No. WR-80,528-01 at 135).  Petitioner was found guilty nonetheless, and the court of appeals also rejected his claim that he was "fortuitously present and not aware of the robbery" and, thus, that the evidence was sufficient to find him guilty of aggravated robbery:

Page **4** of **6**

> There is evidence that Menniefee provided Mitchell access to the vehicle, knew Mitchell was going to the bank in Forney, and admitted that Mitchell had talked about robbing people after they left check-cashing businesses. There is evidence that even if Menniefee could not see Mitchell robbing Sakis, he could hear her screams because the windows of the Monte Carlo were down.

*Menniefee*, 2012 WL 1501019 at *3 .

Likewise Petitioner's remaining claim – that his co-defendant did not testify as a result of the ineffective assistance of counsel – is not premised on any newly discovered evidence. Doc. 8 at 2. Moreover, the record confirms that the co-defendant "invoked his right against imposed self-incrimination" rather than testify. *Menniefee*, 2014 WL at *3.

Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Accordingly, the "actual innocence" exception is not applicable to this case, and Petitioner's federal petition should be dismissed as time barred. *See id.* at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).[3]

---

[3] In his response, Petitioner claims for the first time "that he has been fighting count two of his indictment . . . in Cause No. 28736A-86 where the trial court had him sign for a lesser charge of 'attempted hindering apprehension or prosecution,'" which he claims "does not exist in any legal books." Doc. 8 at 2. He asserts that "he has diligently been fighting both cases and to not hear the merits of his case would be a miscarriage of justice because he [is] actually innocent." Doc. 8 at 2. His federal petition, however, did not seek to challenge the hindering apprehension conviction. Doc. 3 at 2. As a result, that claim has been severed. Doc. 9.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED April 27, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE